# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
MAY - 2 2006
U.S. COURT OF FEDERAL CLAIMS

AMERICAN CASUALTY CO. OF READING, PENNSYLVANIA

Plaintiff,

v.

UNITED STATES

Defendant.

CoFC No. 06-354 C

## COMPLAINT

**COMES NOW** Plaintiff American Casualty Co. of Reading, Pennsylvania ("American Casualty"), by and through undersigned counsel, hereby files this Complaint. By this action, American Casualty seeks the Court's ruling on the Government's claims advanced against American Casualty under Contract No. DACA09-98-D-0013 (the "Contract").

**WHEREFORE** in support of its claims, Plaintiff asserts as follows:

## PARTIES

1. American Casualty was engaged in this matter as the surety to the awarded contractor Bird Roofing and Waterproofing, Inc. American Casualty provides surety and insurances services worldwide.

2. The Defendant is the United States Army Corps of Engineers through its contracting officer in Los Angeles, California.

## JURISDICTION

3. The Court has jurisdiction over this matter under the Contract Disputes Act, 41 U.S.C. §§ 601 – 611. By letter, dated May 3, 2005, the contracting officer issued his final decision asserting a claim against American Casualty under the Contract in the amount of $972758; therefore, this appeal was timely filed. See 41 U.S.C. § 609(a)(3).

## FACTUAL BACKGROUND

4. On or about August 10, 2000, the Department of the Army's Corps of Engineers ("COE") awarded the Contract in the amount of $1,016,272.63 to Bird Roofing and Waterproofing, Inc. ("Bird") for roof repairs to Building Nos. 36, 322, and 3304 at the Defense Logistic Agency's ("DLA's") Defense Distribution Depot Compound at Naval Air Station, San Diego, California.

5. According to the contracting officer's final decision, dated May 3, 2005, upon completion of the Contract and occupation of the buildings by the Government, DLA allegedly observed problems with the work. In September 2001 DLA notified Bird of the alleged deficient work and demanded warranty repairs under the Contract.

6. On or about October 23, 2001, before a resolution of DLA's claims, Bird filed bankruptcy under Chapter 11 of the federal bankruptcy code.

7. In its proposal Bird had provided Performance Bond No. 929112471 from American Casualty, and the Government subsequently contacted the Plaintiff to resolve Bird's allegedly defective work.

8. Despite the fact that American Casualty proposed to resolve Bird's defective performance through a combination of direct payments and replacement contractor performance, DLA rejected this offer. DLA subsequently contracted with a third party and performed the effort through that entity.

9. Contrary to the terms of the Contract and the Disputes Clause, DLA's replacement work was done to different specifications than those set forth in the Contract and without providing American Casualty the opportunity to perform its surety duties. Additionally, DLA improperly rejected the Plaintiff's proposed plan to correct Bird's performance even though the Plaintiff's proposal was fully compliant with the terms of the Contract.

10. By letter, dated May 3, 2005, the contracting officer issued a final decision claiming that the Government was entitled to recover $972,758 from American Casualty due to Bird's defective performance and DLA's reprocurement from a third party of services to correct Bird's work.

**Count I**

11. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 to 10 above.

12. The Contract required the Government to permit the Plaintiff the opportunity to rectify any performance problems by Bird prior to reprocurement of those services from a third party.

13. Despite the fact that the Plaintiff proposed to rectify Bird's performance through a combination of monetary payments to the Defendant and repair work and was ready and willing to perform such corrected work, Defendant refused to permit Plaintiff to perform. Instead, the Defendant contracted with a third party to perform the alleged repairs.

Additionally, the repair work performed at the Defendant's request was not in accordance with the specifications in the Contract. Rather this work was much more expensive and wholly unlike the work required of Bird.

14. The Plaintiff respectfully requests judgment in its favor denying the Government's claim, its costs including attorney's fees to pursue this matter, and any other such relief as the Court deems appropriate.

**WHEREFORE** Plaintiff respectfully requests that the Court grant it relief and issue a decision denying the Government's claim.

Respectfully submitted,

Date: 05/02/06

By: Victor G. Klingelhofer

Victor G. Klingelhofer, Esq.
James S. DelSordo, of Counsel
Cohen Mohr, LLP
1055 Thomas Jefferson St., NW
Suite 504
Washington, DC 20007
(202) 342-2550
fax (202) 342-6147

Counsel for Plaintiff American Casualty Co. of Reading, Pennsylvania