IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN CASUALTY CO. OF READING, PENNSYLVANIA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-354C |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims, the parties, by their representative attorneys, respectfully submit this Joint Preliminary Status Report:

a. Does the Court have jurisdiction over the action?

The Plaintiff states that the Court has jurisdiction to consider and decide this action pursuant to 28 U.S.C. 1491(a)(1). At this time, the United States is not aware of any reason why the Court would not possess jurisdiction.

b. Should the case be consolidated with any other case?

The parties agree that this case should not be consolidated with any other case.

c. Should the trial of liability and damages be bifurcated?

The parties believe that the trial should not be bifurcated into liability and damages.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. Will a remand or suspension be sought?

The parties do not believe that remand or suspension will be sought.

f. Will additional parties be joined?

The parties do not anticipate that additional parties will be joined.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56, and, if so, what is the proposed schedule for the intended filing?

Neither party, at this time, anticipates filing a dispositive motion.

h. What are the relevant issues?

This case involves a contract for replacing/repairing roofs on three buildings located at the Defense Logistics Agency's Defense Distribution Depot Compound at the Naval Air Station in San Diego, California. The original contractor, Bird Roofing and Waterproofing, did not perform the contract in an acceptable manner. American Casualty is the surety for Bird. The Government asserts that Bird's materials and workmanship were defective. American Casualty does not dispute that Bird's performance was defective. Plaintiff states that it offered to correct the defective work or, in lieu thereof, pay the Government the value of such corrective work. The Government states that it rejected plaintiff's offers because at no time did the plaintiff offer replacement roofs that met the performance requirements specified in the original contract. Plaintiff states that the Government never rejected its offer to repair the defective work. After Bird's failed performance, the Government re-procured two of the roofs from a third party. The Government intends to re-procure replacement of the third roof from a third party but has not yet done so.

<u>Issues</u>:

(8)1 Did the Government properly reject the plaintiff's proposals that were offered through a combination of monetary payments and repair work?

(8)2 Did the Government wrongfully reject the plaintiff's proposal to correct the defective work or, in lieu thereof, pay the Government the value of such corrective work?

(8)3 Did the Government properly assert its rights under the Warranty provisions of the contract when it rejected plaintiff's offers of corrective action in October, 2003?

(8)4 Did the Government give plaintiff reasonable opportunity to correct the original contractor's defective work prior to its re-procurement from a third party in the Spring of 2004?

(8)5 Are the costs assessed by the Government the reasonable cost of correcting the original contractor's defective work?

(8)6 Did the Government properly assess other administrative costs as incidental damages recoverable under the warranty?

(8)7 Were the replacement roofs substantially similar to the roofs specified in the original contract?

i. What is the likelihood of settlement?

The parties have not engaged in settlement discussions at this point, and cannot comment on the likelihood of a settlement. Plaintiff believes, however, that non-binding mediation would be helpful in reaching a settlement.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?

If this case cannot be resolved through settlement or dispositive motions, the parties anticipate that they will proceed to trial. Neither party requests an expedited trial schedule. If a trial is required, the parties believe that it should be held at a location that is most convenient for

the witnesses and the Court. The parties will work together to make a proposal to the Court as to what that location should be.

k. Are there special issues regarding case management needs?

The parties are currently unaware of any special issues regarding case management needs.

l. Is there any other information of which the Court should be aware of at this time?

The parties are unaware of any other information of which the Court should be aware of at this time.

m. Discovery plan

(1) Discovery will be needed on the following subjects: allegations in the Complaint and defenses available to defendants.

(2) All discovery commenced in time to be completed by May 25, 2007.

(3) Maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service.

(4) Maximum of 25 requests for admission by each party to any other party. Responses due 30 days after service.

(5) Maximum of 5 depositions by plaintiff and 5 by defendant. Each deposition is limited to maximum of 8 hours. The number of plaintiff's depositions may have to be enlarged due to the fact that the decision to reject plaintiff's offer to repair and to replace the roofs involved a number of individuals at several different locations. However, the parties will work together to limit the scope and number of such depositions.

(6) Reports from retained experts under Rule 26(a)(2) due:
i. from plaintiff by April 1, 2007.
ii. from defendant by May 15, 2007.

(7) The parties are under a continuing obligation under Rule 26(e) to update all discovery responses timely and in good faith. Discovery requests shall be supplemented and fully amended no later than 30 days before the end of discovery.

n. Other Items

(1) The parties do not request a conference with the Court before entry of the scheduling order.

(2) The parties request a pretrial conference on or around August 9, 2007.

(3) All potentially dispositive motions should be filed on or before July 16, 2007.

(4) Final lists of witnesses and exhibits under Rule 26(a)(3) should be due, if necessary, no later than 30 days after resolution of all dispositive motions.

(5) Parties should have 30 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

(6) Time of trial shall be evaluated at the pre-trial conference.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Victor G. Klingelhofer
Victor G. Klingelhofer, Esq.
Cohen Mohr, LLP
1055 Thomas Jefferson St., N.W.
Suite 504
Washington, D.C. 20007
Phone (202) 342-2550
Fax (202) 342-6147

Attorney for Plaintiff

s/ Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 616-0341
Fax: (202) 514-8624

Attorneys for Defendant