**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

AMERICAN CASUALTY CO.
OF READING, PENNSYLVANIA

Plaintiff,

v.

UNITED STATES

Defendant.

CoFC No. 06-354C

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Rule 37 of the Rules of this Court and the Federal Rules of Civil Procedure, Plaintiff American Casualty Co. of Reading, Pennsylvania ("American Casualty") hereby moves to compel production of documents by the Defendant, the United States of America, ("United States") and for sanctions.

**Background**

This is the second motion to compel filed by the plaintiff in this case. On December 12, 2006, Plaintiff filed its first request for production of documents on the United States, serving the United States by both facsimile transmission and by mail. Defendant, United States, failed to timely respond to the request for production of documents and failed to timely request an extension to respond to the discovery. By mid-February the documents still had not been produced, nor had any response been provided, nor had any request for extension been received. Therefore, on or about February 16, 2007 plaintiff filed a motion to compel production of the documents. This motion to

compel was resolved by agreement of the parties. The parties agreed that the Government shall provide a response to the request for production of documents on or before March 30, 2007, thus allowing the government just short of four months to respond to the document requests. The parties also agreed that discovery would likely need to be extended, which was done. Discovery now closes on July 27, 2007. On or about March 30, the government responded to the document requests.

**Motion To Compel**

In support of the current motion to compel discovery, Plaintiff states as follows:

1. On May 10, 2007, counsel for American Casualty wrote counsel for the United States informing counsel for the United States of certain problems with the response to the request for production of documents. See Exhibit 1 hereto. The problems included the fact that certain document requests were never responded to, while others were responded to multiple times and it also appeared a page was missing from the response served on plaintiff. (The government never responded to this letter and a corrected response was never served on plaintiff.) The letter also informed the government that for certain requests, although the government responded that all responsive documents had been produced, virtually none were.
2. The letter of May 10 also requested dates for depositions of the government's representatives. The letter stated as follows:

> Currently, I can schedule depositions for the last two weeks of June or first three weeks of July. (This assumes you will timely respond to the discovery attached hereto.) Please let me know your availability and your client's availability during that time frame. Currently the individuals whom I most need it to depose include Kevin Thomas, Jim Douglas, Danny Carrasco, Paul Feldman and Greg Vistuba.

See Exhibit 1 hereto at 5.

3. As of the date of this filing, the government has not provided dates for depositions of its representatives.

4. Most germane to this motion to compel, on May 10, 2007, counsel for American Casualty, served "**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT UNITED STATES"** See Exhibit 2 hereto.

5. The United States has not responded to this discovery.

6. Subsequently, on June 18, 2007, counsel for American Casualty contacted counsel for the United States by e-mail, stating as follows:

> Dear Ms. Stentiford:
>
> I never received a response to my letter of May 10 outlining the documents that were missing from your response to our first discovery requests. You also have not responded with respect to dates for depositions. Furthermore, your response to our second set of discovery requests has similarly not been received and is overdue. I assume you are having the same types of difficulties getting responses from your client that you encountered previously. CNA is willing to extend discovery, assuming the Court is also willing to do so. If the Court is unwilling to extend discovery, then I need to the requested documents as soon as possible and we need to complete depositions prior to July 27.
>
> Please let Victor and I know how you would like to proceed regarding this matter.
>
> Thank you.

Exhibit 3 hereto.

7. Counsel for the United States responded to plaintiff's e-mail very promptly, on the same day. Counsel for the United States indicated that, to the extent plaintiff was offering an extension of discovery to allow the United States to produce

additional documents, counsel had been informed by her client that there were no additional documents and therefore the extension was not needed. Counsel for American Casualty and counsel for the United States further discussed the government's position that there were no additional documents. This discussion centered around building 317, a building for which the bankrupt contractor, Bird Roofing And Waterproofing Company, had also had a contract for roof work. (The government has failed to produce that contract or virtually any documents relating to the work done on building 317.)

8. In follow-up to the telephone conversation, counsel for American Casualty sent a second e-mail to counsel for the United States which provided as follows

> Dear Ms. Stentiford:
>
> Thank you for responding to my e-mail, by telephone, so promptly.
>
> I understand from our conversation that you have been told by your client that there are no further responsive documents. I am attaching hereto a copy of a document previously produced by the government ACRP000519. This document relates to building 317 and Bond number 159112225 and it requests that CNA make repairs to the building. My understanding is that those repairs were made.
>
> As I mentioned in our conversation, it is my understanding, supported in part by the attached document, that Bird Contracting had a separate contract that related to building 317 which was, as the document shows, covered by a different bond than the other buildings at issue in this case. It appears that the document attached was misfiled by the government in a file relating to Bond number 929112471. See ACRP000514.
>
> As I mentioned in our conversation. It appears to me that there has to be a contract for this work, on building 317, as well as the typical contract files that are required to be maintained by the government. Furthermore, the government almost certainly has a copy of bond number 159112225, since the government made a

> claim under that bond and referenced that bond number in its letter.
>
> Neither the bond, nor the contract, nor other documents relating to building 317 have been produced. While I understand your client's representations, it appears that your client may have been focusing on the reprocurement contract and may not have properly looked for documents relating to building 317, which was covered by an entirely distinct contract and entirely distinct bond. I note that our discovery, that was filed on May 10, contained the following interrogatory:
>
>> 8. Identify the individual(s) most knowledgeable about the roof installed on building 317, the problems encountered relating to that roof and the repairs that were made to that roof.
>
> I assume there must be a contracting officer as well as other individuals who were involved in the contract to repair building 317.
>
> I look forward to receiving your formal response to our discovery requests, including the interrogatories, that were served on May 10 and are currently overdue. <u>It would be greatly appreciated if you could provide a date when you believe the formal response will be provided.</u>
>
> This correspondence is not to be construed as a waiver of any rights CNA may have. I want to be absolutely clear that CNA is not waiving any rights regarding discovery and it is not agreeing to any extensions of time to provide discovery, which is already overdue.
>
> Thank you again for your prompt response this afternoon and I sincerely hope that these discovery issues can be worked out without the Court's intervention.
>
> Regards,

Exhibit 4 hereto, (emphasis original).

9. Defendant, United States, never responded to the second e-mail from counsel for American Casualty, never informed counsel for American Casualty when it would respond to the outstanding discovery, (as specifically requested and emphasized

in the June 18, e-mail) and has never offered any dates for deposition of its witnesses.

10. Plaintiff understands that, based on the government's position that there are no additional responsive documents, it cannot compel production of what the government claims does not exist. Plaintiff has therefore noticed a 30(b)(6) deposition of government representative(s) which will address, among other items, the government's search for responsive documents and its record creation, retention, and destruction policies. Exhibit 5 hereto. Because the government has failed to offer any dates, times, or locations for deposition of its witnesses, and because discovery now closes in approximately 4 weeks, plaintiff has noticed the 30(b)(6) deposition and other depositions for its offices located in Washington, DC and has provided the government more than 2 weeks notice of the depositions.

11. Defendant's failure to provide discovery is prejudicing plaintiff's ability to prepare its case. Many of the interrogatories contained in plaintiff's first set of interrogatories, served on May 10, 2007, were designed to assist counsel in preparing for depositions and conducting efficient depositions. For example, interrogatories 7, 8 and 9 require the government to "[i]dentify the individual(s) most knowledgeable" about certain issues in the case, including the government's alleged damages. Exhibit 2 at 10, 11. The purpose of these interrogatories was to identify individuals for deposition. Given that discovery closes in approximately 1 month, and given that depositions require reasonable notice be provided, the

government's continuing failure to respond to the interrogatories is prejudicing plaintiff's ability to prepare its case.

12. Other interrogatories were designed to identify specific documents, which the government claims were produced, that relate to specific issues and which will be used in the upcoming depositions. See, for examples, interrogatories 3 through 6. (Plaintiff only asked 10 interrogatories.) Not having documents identified in advance, which relate to specific issues in the case, for example, the documents supporting the government's damages, will complicate and prolong the depositions.

WHEREFORE, American Casualty moves this Court for an order compelling Defendant, United States, to respond to "**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT UNITED STATES"** American Casualty further moves for sanctions comprising all costs incurred by American Casualty relating to this motion to compel production of documents, including all attorney's fees.[1]

[1] Plaintiff also believes that, given the ongoing discrepancies with respect to production of documents, the United States should file a corrected version of it response to plaintiff's first request for documents which accurately lists the requests and the responses. Finally, plaintiff requests it be given permission to file additional interrogatories or document requests in the unlikely event that the government responses, which are being compelled herein, indicate such a need. Plaintiff notes that these responses were originally due on June 10, which would have allowed plaintiff sufficient time to file additional discovery requests if the government's responses indicated a need for additional discovery. The government's failure to file its responses on time and the upcoming discovery cut-off of July 27 (written discovery would need to be filed no later than June 27) has made it impossible for plaintiff to do this, should the need arise.

CERTIFICATION

In accordance with rule 37(a)(2)(A) counsel for American Casualty certifies that counsel for American Casualty attempted, in good faith, to confer with the United States in an attempt to secure the discovery without court action.

/s/ Victor G. Klingelhofer
Victor G. Klingelhofer

Respectfully submitted,

/s/ Victor G. Klingelhofer is
Victor G. Klingelhofer
Cohen Mohr, LLP
1055 Thomas Jefferson St., NW, Suite 504
Washington, DC 20007
Tel. (202) 342-2550
Fax (202) 342-6147
Counsel for Plaintiff