# Exhibit 1

COHEN MOHR LLP
1055 Thomas Jefferson Street, NW, Suite 504
Washington, DC 20007
Voice: (202) 342-2550
Fax: (202) 342-6147
www.cohenmohr.com

Partners
David S. Cohen
Andrew J. Mohr
Victor G. Klingelhofer
William F. Savarino
Russell J. Gaspar
Daniel H. DuVal
Tenley A. Carp

Of Counsel
Laurel A. Hockey
John J. O'Brien

Virginia Office
1420 Beverly Road
Suite 380
McLean, Virginia 22101
Voice: (703) 761-1100
Fax: (703) 761-0180

May 10, 2007

Joan M. Stentiford, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L St., NW
ATTN: Classification Unit, 8th Fl.
Washington, DC 20530

Re: American Casualty Co. of Reading, Pennsylvania d/b/a CNA Insurance Cos. v. United States, CFC No. 06-354C (Judge Horn)

Dear Ms. Stentiford:

Attached please find plaintiffs first set of interrogatories and second request for production of documents.

Additionally, there are a number of problems with the response you provided to plaintiff's first set of document requests which hopefully can be quickly addressed.

Document request No. 2 provided as follows:

> 2. All photographs of the Roofs as repaired by the contractor hired by the United States who ultimately perform the repairs at issue in this litigation.

You never responded to this document request. On your response, what you identified as document request No. 2 is actually document request No. 4. Furthermore, absolutely no photographs of the Roofs as repaired by the contractor hired by the United States who ultimately performed the work were provided. It is difficult to believe that the government would not have **any** photographs of the repairs as ultimately completed. **Absolutely none were produced**.

Document request No. 3 provided as follows:

> 3. To the extent not already produced, all plans or specifications or contracts for the repairs to be done by Bird and/or any other contractor working for or on behalf of American Casualty.

You never responded to this document request. On your response, what you identified as document request No. 3 is actually document request No. 5.

Document request No. 7 provided as follows:

> 7. All documents that concern, relate and/or refer to meetings among employees of the United States, and or meetings between or among the United States and its agents and consultants, or meetings among agents and consultants of the United States which relate to (a) the failure of the Roofs at issue in this litigation, (b) the repair or need for repair to the Roofs, (c) the cost or anticipated cost to repair the Roofs, (d) the decision to replace rather than repair the Roofs and the related costs, (e) the replacement of the Roofs and or the cost relating thereto, and (d) negotiations with American Casualty, and or Bird and or agents and consultants of either American Casualty And/or Bird..

You never responded to this document request. On your response, what you identified as document request No. 7 is actually document request No. 6.[1]

Document request No. 24 provided as follows:

> 24. All documents that relate to the repairs to the roofs on building 317. This request includes, but is not limited to:

- documents pertaining to the original roof repairs done by Bird, including contract and specification documents
- documents pertaining to any problems with the original roof repairs done by Bird, including any analyses, photographs, memoranda, e-mail etc.
- documents pertaining to the subsequent repairs which were done on behalf of American Casualty. (This includes, but is not limited to, repairs done by or at the behest of Van Dijk & Associates, Inc.)
- documents pertaining to the adequacy or inadequacy of the repairs which were done on behalf of American Casualty, including but not limited to repairs done by or at the behest of Van Dijk & Associates, Inc.

Your response was as follows:

---

[1] Part of the problem with your response is that you don't respond to some requests and instead respond to other request multiple times. For example, plaintiff's document request No. 4 you respond to twice, once where you have mislabeled it as document request No. 2 and the second time where you have mislabeled it as document request No. 5. (What you label as document requests and responses 2, 3 and 4 are duplicated as what you label as document requests and responses 5, 6 and 7.)

> All such documents are contained within the documents produced to you as part of the initial disclosures, or are contained in the Roof Repair Report or the agency reprocurement file which are attached.

Please be advised that virtually **no** documents pertaining to building 317 have been provided. Furthermore, it is not clear to me that such documents would be contained in the files you referenced in your response. Perhaps you did not realize that building 317 is not part of the claim in this action and likely would not be in the same reprocurement files. Building 317 is relevant because it is on the same base and was also repaired by Bird using the same techniques and materials as the buildings which are part of the present claim. It also experienced the same problems with the roofing done by Bird. However, for building 317, unlike the buildings issue in this claim, the agency allowed the surety to make repairs. Building 317 is therefore extremely relevant to our case. It does not, however, appear that the files relating to building 317 were searched or any documents from those files produced.

I find it very difficult to believe that the agency has absolutely no contract, cost or other documents relating to the roofs at building 317 and the repairs that were subsequently done, (especially given the volume of documents that have been produced relating to the other roofs that are at issue in this claim.) I would appreciate it if you would go back to your client and have them produce the documents they have relating to building 317 that are responsive to the above quoted discovery request.

Document request No. 14 provided as follows:

> 14. All documents relating to the comprehensive roofing project and/or comprehensive roofing evaluation (which included the Roofs at issue in this litigation). This request includes but is not limited to:

- correspondence and e-mail
- plans and specifications
- cost estimates
- internal communications
- communications with contractors, consultants or agents,
- memoranda or any type of memorialization of meetings
- studies are analyses
- documents indicating when the comprehensive roofing project and/or comprehensive roofing evaluation was initiated and the reasons therefore
- any other documents relating to the comprehensive roofing evaluation and or comprehensive roofing project in any way

You responded that "[t]o the extent such documents exist, they were contained in the documents produced to you as part of the Government's initial disclosures, or are contained in

the roof repair report or the agency reprocurement file which are attached." The roofing repair assessment report, on its face - - front cover, indicates that it was created under "Task Order #3" under "Contract No. DACA21-01-D-0023."

It appears to me that your response that all responsive documents have been produced is clearly in error. I have carefully reviewed the documents you produced and have been unable to locate "Task Order #3" or "Contract No. DACA21-01-D-0023." Furthermore, virtually no correspondence of any kind between the A-E firm and the government have been produced. It appears to me that responsive documents would be in e-mail and on government servers and computers, and in the procurement files relating to the A-E firm and Contract No. DACA21-01-D-0023 and Task Order #3, yet it does not appear this file was ever searched or produced. It is in comprehensible to me that you could claim that all responsive documents have been produced relating to "the comprehensive roofing project and/or comprehensive roofing evaluation" when you have not even produced the task order pursuant to which the report was created. Certainly such a document exists as it is referenced on the front page of the report.

If I am incorrect, and these documents have been produced, I would appreciate you providing the Bates numbers for the documents.

Another issue relates to document request No. 36 which asked you to produce "Tab 33 to the Contracting Officer's Final Decision and any responses to the e-mail or other correspondence or communications relating to the e-mail at tab 33." You responded that "the government does not understand what is meant by this request for production of documents." We have subsequently clarified, through exchanges of e-mails, that the January 15, 2004 e-mail from Kevin Thomas was the document at tab 33. However, subsequent to the clarification of the identity of the document at tab 33 and the meaning of the request, you have never produced "any responses to the e-mail or other correspondence or communications relating to the e-mail at tab 33" nor have you indicated that no such documents exist. Again, I would request that you contact your client and have them search their e-mail records to see if other documents responding to or relating to the January 15, 2004 e-mail and exist and if so please have your client produce them.

Incidentally, I never received your responses to document requests 43 and 44. This is because the copy of the response I was served is missing page 14. For purpose of this letter and the attached discovery requests, I assume your response to those requests is essentially the same as your response to all the other requests - - that all responsive documents have been produced. Please send me a copy of page 14 at your earliest convenience.

The above problems with your discovery responses, as well as the admitted difficulties in obtaining documents from your client, lead me to believe that your client may have been less than diligent in searching for, and providing responsive documents and that all responsive documents have not been produced.

Please consider the above my attempt to confer regarding discovery as required by Rule 37 of the United States Court of Federal Claims.

Finally, I would like to schedule depositions of your client's representatives. Generally, I believe I need to depose several individuals identified in your Rule 26 disclosures, however, it is possible that different individuals may need to be deposed based on your responses to the attached interrogatories. I assume the depositions will have to take place in San Diego where your clients are located? Currently, I can schedule depositions for the last two weeks of June or first three weeks of July. (This assumes you will timely respond to the discovery attached hereto.) Please let me know your availability and your client's availability during that time frame. Currently the individuals whom I most need it to depose include Kevin Thomas, Jim Douglas, Danny Carrasco, Paul Feldman and Greg Vistuba. Also, since no photographs of the roofs as repaired have been provided, I hereby request permission pursuant to Rule 36 to inspect the roofs at issue in this litigation for the purpose of photographing same for use as evidence in the trial of this matter. (This may become unnecessary if photographs are ultimately produced.)

Thank you for your cooperation in this matter, and I look forward to your prompt response regarding the issues raised above and production of the missing materials.

Sincerely,

John J. O'Brien

# Exhibit 2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AMERICAN CASUALTY CO.
OF READING, PENNSYLVANIA

Plaintiff,

v.

UNITED STATES

Defendant.

CoFC No. 06-354C

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT UNITED STATES**

Pursuant to the Rules of this Court and the Federal Rules of Civil Procedure, Plaintiff American Casualty Co. of Reading, Pennsylvania ("American Casualty") hereby requests that the following interrogatories be answered and documents be produced by the defendant, the United States of America, ("United States") at the offices of Cohen Mohr, 1055 Thomas Jefferson, Ave., N.W., Suite 504. Washington, D.C. 20007, or such other place as mutually agreed upon by the parties, pursuant to the instructions and definitions that follow. Further, American Casualty requests that the United States provide a written response to these requests in the time and manner prescribed by the Federal Rules of Civil Procedure.

INSTRUCTIONS

1. In answering these Interrogatories and Document Requests, you are required to furnish all information and documents that are available to you or subject to your reasonable inquiry, access, or control, including documents that are in your possession and the possession of your employees and agents.

2. The obligation to respond to these Interrogatories and Document Requests is continuing. If you receive documents responsive to these Document Requests after having already served your responses, you must promptly provide such documents to us.

3. Should you determine to object or decline to answer any of these Interrogatories and Document Requests, please state in detail the grounds for objection or refusal to answer.

4. Your responses to these Interrogatories and Document Requests are likely to be relied upon by us. Therefore, your responses to these Interrogatories and Document Requests must be complete and accurate. The omission of information or any document from your responses to these Interrogatories and Document Requests shall be deemed a representation by you that such information or document is not known to you, your agents, counsel, or other representatives at the time of the execution of your answers and responses.

5. If you withhold any document pursuant to a claim of privilege or are unable to produce any document within the scope of our Document Requests, you are to state as to each such document (i) the date of the document; (ii) the names of the author(s) or preparer(s) of the documents and an identification by employment and title of each such person; (iii) a brief description of the document, without disclosure of the allegedly privileged material; (iv) and the reason for its not being produced or the basis for the privilege being claimed.

6. In the event that any document falling within our Document Requests has been destroyed or cannot be located, you shall provide a list identifying each such document together with the following information for each such document: (i) the date of the document; (ii) the names of the author(s) or preparer(s) of the documents and an identification by employment and title of each such person; (iii) the name of each person who was sent or furnished the document, or who received, viewed or has had custody of the document, and an identification of each such person by employment and title; (iv) a

brief description of the document; (v) the number of pages of the document; (vi) whether there were any attachments, appendices, enclosures or exhibits to the document, and if so the number of pages of each; (vii) the date of destruction of the document; (viii) the manner of destruction; (ix) the reason for destruction; (x) the name of the person authorizing destruction; (xi) the name of the person destroying the document; and (xii) the paragraph of the Document Requests to which the document relates.

7. We have endeavored to draft these Interrogatories and Document Requests clearly and concisely. If you have any questions about these Document Requests, including the definitions and instructions, we urge you to promptly contact us for clarification.

DEFINITIONS

1. As used herein, the term "**document** " means all types of materials in which information is recorded, regardless of the manner in which it is recorded. It includes, but is not limited to, writings of every kind, typed and printed materials, letters, e-mail, telegrams, memoranda, diary entries, notes, schedules, graphs, charts, tabulations, analyses, computer printouts, disks, tapes, sound or mechanical reproductions, and copies of documents that are not identical duplicates of the originals (e.g. because handwritten or "blind" notes appear thereon or are attached thereto) whether or not the originals are in your possession, custody or control. The term "document" also includes all computer files, data sets, or programs, whether or not they have ever been printed. Each nonidentical copy, draft, or reproduction of a document is a separate "document" and shall be produced. **Plaintiff is especially concerned that all responsive e-mail systems be searched, and all responsive e-mail and attachments be produced.**

2. As used herein, the term "**communication**" means any transfer of information, written, oral, or by any other means, including electronic (e-mail).

3. As used herein, the term "**meeting**" means any act or process of coming together, whether formal or informal.

4. As used herein, the word "**and**" and the word "**or**" shall be construed conjunctively or distinctively as necessary to make an interrogatory or document request inclusive rather than exclusive.

5. As used herein, the terms "**concern**", "**concerning**", "**refer**", "**referring**", "**relating to**", "**relate to**" or "**relate**" means directly or indirectly documents pertaining to, containing, discussing, constituting, analyzing, studying, reporting, showing, commenting on, setting forth, considering, recommending, examining or concerning, in whole or in part, including but not limited to, all supporting, underlying or explaining information.

6. As used herein, the term "**person**" means any individual, firm, partnership, association, corporation, or other legal, business or government entity.

7. As used herein, the term "**United States**" means the defendant in this action and includes, but is not limited to, the United States Army Corps of Engineers and the Defense Logistics Agency, including the Defense Distribution Depot Center, Naval Station in San Diego, California and employees of the United States, whether civilian or military.

8. As used herein, the term "**Bird**" means Bird Roofing & Waterproofing Inc.

9. As used herein, the term "**Roofs**" or "**Roof**" means the roof(s) which allegedly failed and are at issue in this litigation or any other roof is specifically identified in the Interrogatories or Document Requests.

## Interrogatories

1. For each of the buildings, 3304, 322 and 36 explain what type of roofing system was ultimately installed on the roofs by the government, (or is being or will be installed on the roofs by the government) and explain all differences between this type of roofing system and the type of roofing system for which Bird originally contracted.

2. Tab No. 13 to the Findings of Fact is the government's letter of May 15, 2002 requesting that the surety correct the roofing installation on building 3304. Please identify all communications (written or oral) wherein you contend that the government requested the surety correct the roofing installations on buildings 322.

(With respect to written communications, if the documents have already been produced, please identify them by Bates number. If the documents have not been produced, please identify them by author, recipient and date and produce the documents pursuant to document request No. 1 below. If you contend a communication was oral, please state, who communicated the information, to whom the information was communicated, the date the information was communicated and the setting (i.e. a meeting held at a certain location, a telephone conversation, etc.) If no such communications occurred please to state.)

3. For building 36 identify all communications (written or oral) wherein you contend that the government requested (a) that Bird correct the roofing installation on building 36, and (b) that the surety correct the roofing installations on buildings 36, and (c) identify all communications (written or oral) wherein you allege you provided the surety an opportunity to correct the problems with the roofs on building 36 and (d) identify all communications (written or oral) wherein you allege you requested the surety make payment to correct the problems with the roofs on building 36.

(With respect to written communications, if the documents have already been produced, please identify them by Bates number. If the documents have not been produced, please identify them by author, recipient and date and produce the documents pursuant to document request No. 1 below. If you contend a communication was oral, please state, who communicated the information, to whom the information was communicated, the date the information was communicated and the setting (i.e. a meeting held at a certain location, a telephone conversation, etc.) If no such communications occurred please to state.) [1]

4. Document request No. 41 from plaintiffs first set of document requests states as follows:

> With respect to the Contracting Officer's Final Decision dated May 3, 2005, and specifically with respect to Findings of Fact number 55 provide all documents relating to the alleged "independent quotation that DLA had obtained for the repair [that] was similar and amount to what the original installation cost." This request includes not only the independent quotation but also all documents relating to the scope of work on which the independent quotation was based.

You responded indicating that all responsive documents had been produced.

Please identify by Bates number the "independent quotation that DLA had obtained." If you now contend that the "independent quotation that DLA had obtained" was obtained orally, please provide all facts and circumstances relating to that oral communication, including, but not limited to, who provided the quotation, the date it was provided, to whom the quotation was provided, the identity of all individuals who were present when the communication was made and the circumstances surrounding the communication including but not limited to the information upon which the

[1] Please do not respond to interrogatories that request that you identify specific communications with a response similar to "to the extent such communications occurred, responsive documents have been produced." The purpose of these interrogatories is to determine whether ***you contend*** such communications occurred and, if so, what are those communications.

communication was based. Please identify in your response all documents that were used or relied upon for the "independent calculation."

5. Document request No. 43 from plaintiffs first set of document requests states as follows:

> 43. With respect to the Contracting Officer's Final Decision dated May 3, 2005, and specifically with respect to Findings of Fact number 59 provide the following:
>
> - all documents relating to the allegation that the "actual cost to the DLA for replacing the Roof at building 3304 was $563,450.00." This request includes but is not limited to documents indicating the scope of work that was accomplished for the sum stated.
> - all documents relating to the allegation that American Casualty is liable for "$125,331.86 for investigation and design." This request includes, but is not limited to, all design work purchased for $125,331.86, including the documents produced for that sum and the cost documents supporting the figure
> - all documents relating to the allegation that American Casualty is liable for "$37,538.00 for contract award, investigation and design." This request includes, but is not limited to, documents indicating the work accomplished that sum and the cost documents supporting the figure.

Since I did not receive page 14 of your discovery responses, I assume you responded indicating that all responsive documents had been produced. Please identify by Bates number the following:

a. All documents or invoices which singularly or combined comprise and/or evidence the $563,450.00.

b. All documents or invoices which singularly or combined comprise and/or evidence the $37,538.00.

c. All documents or invoices which singularly or combined comprise and/or evidence the $125,331.86.

d. For each of the three above discussed amounts provide the facts and circumstances relating to the work for which these payments were made. Please include in your response the identity of the individuals or entities that performed the work, the dates when the work was performed, and the nature of the work performed and when payment was made if that is not disclosed by documents you have been asked to identify. Furthermore, if for any reason you cannot identify the documents totaling the above amounts, please explain in detail how the amounts were calculated or determined.

(With respect to documents, if the documents have already been produced, please identify them by Bates number. If the documents have not been produced, please identify them by author, recipient and date and produce the documents pursuant to document request No. 1 below. If you contend a communication was oral, please state, who communicated the information, to whom the information was communicated, the date the information was communicated and the setting (i.e. a meeting held at a certain location, a telephone conversation, etc.) If no such communications occurred please to state.)

6. Document request No. 29 from plaintiffs first set of document requests states as follows:

> 29. With respect to the Contracting Officer's Final Decision dated May 3, 2005, and specifically with respect to the allegation therein, that:
>
> > The price of $38,146.00 offered by the Surety for the repairs to Building 322 was deemed acceptable when the problems developed in 2001, although the scope of work was still not clear. Applying inflation of 2% per year, a fair and reasonable amount for building 322 would be $39,290.00, plus 6.5% for Supervision and Administration ("S&A") for a total of $41,438. The total for building 3304 and 322 is rounded to $767,758. In addition, the

> Government is claiming $205,000.00 for the Roof failure of Building 36, for a grand total of $972,758.

produce all documents relating to this allegation and [sic] anyway, including but not limited to, the following:

- all documents indicating what comprises the $205,000.00 figure and all documents that support the $205,000.00 figure as well as documents indicating what if anything was purchased for that amount (Note Findings of Fact number 43 alleges a repair cost of $205,054 for the failure of the Roof at Building 36 and all documents relating to that greater sum are also requested.
- all documents relating to the "Roof failure of Building 36" and or any repairs to Building 36 and or the cost of any repairs to Building 36
- all documents relating in any way to the $38,146.00 figure, including but not limited to the alleged offer, as well as documents indicating what work was done for that amount
- all documents relating to the United States' previous acceptance or nonacceptance or other communications relating to the "$38,146.00 offered by the Surety for the repairs to Building 322"
- all documents relating to any repairs done to Building 322 and the cost thereof
- all documents relating to the 2% inflation factor used by the United States and all documents supporting such figure or the use thereof
- all documents relating to the 6.5% S&A factor applied by the government, including, but lot not limited to all documents supporting the incurrence of such costs and or the reasonableness of the factor applied and/or the basis for applying this 6.5% S&A charge

Please identify by Bates number the following:

a. All documents or invoices which singularly or combined comprise and/or evidence the $205,000.00 figure and/or the $205,054 figure. If you are unable to identify

the documents which comprise these amounts, please explain in detail how these amounts were calculated or determined and who made the calculations and/or determinations. Include in your response and identification of all documents relied upon in reaching or calculating these totals.

b. For the $205,000 and/or the $205,054 figure above discussed amount provide the facts and circumstances relating to the work for which this payment was made. Please include in your response the identity of the individuals or entities that performed the work, the dates when the work was performed, and the nature of the work performed (including a description of the type of roof ultimately installed) and when payment was made (if that is not disclosed by documents you have been asked to identify.) Furthermore, if for any reason you cannot identify the documents totaling the above amounts, please explain in detail how the amounts were calculated or determined and include in your response, the identity of the individual(s) who performed the calculations.

(With respect to written documents, if the documents have already been produced, please identify them by Bates number. If the documents have not been produced, please identify them by author, recipient and date and produce the documents pursuant to document request No. 1 below. If you contend a communication was oral, please state, who communicated the information, to whom the information was communicated, the date the information was communicated and the setting (i.e. a meeting held at a certain location, a telephone conversation, etc.) If no such communications occurred please to state.)

7. Identify the individual(s) most knowledgeable about the types of roofs that were originally installed by Bird on buildings 3304, 322 and 36 as well as the types of

roofs that were ultimately installed by the government and the differences between the two.

8. Identify the individual(s) most knowledgeable about the roof installed on building 317, the problems encountered relating to that roof and the repairs that were made to that roof.

9. Identify the individual(s) most knowledgeable about the damages the government is claiming as stated in the contracting officer's final decision of May 3, 2005 including how those damages were calculated and the factual or legal basis for claiming those damages.

10. (a) Please explain/describe the type of roof that was originally installed on building 317 by Bird and whether it was similar or identical to the types of roofs bird was required to install on the buildings at issue in this litigation. (b) Please explain/describe the problems which developed with respect to that roof and identify all corrective measures that were taken. Include in your response, for each repair, who made the corrections or repairs, when the corrections or repairs were made, the cost of the corrections or repairs, and the effectiveness of the repairs. (c) Identify all documents relating to your response or the issues discussed in this interrogatory.

**DOCUMENT REQUESTS**

1. To the extent not already produced, produce all documents identified in response to interrogatories.

Respectfully submitted,

V. Klingelhofer /JJO

Victor G. Klingelhofer
Cohen Mohr, LLP
1055 Thomas Jefferson St., NW, Suite 504
Washington, DC 20007
Tel. (202) 342-2550
Fax (202) 342-6147
Counsel for Plaintiff

CERTIFICATE OF FILING

I hereby certify that on this 10th day of May, 2007, a copy of the foregoing: **"PLAINTIFF'S FIRST SET OF INTERROGATORIES AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT UNITED STATES"** was served by e-mail, facsimile transmission and by US Mail on the following:

Joan M. Stentiford, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L St., NW
ATTN: Classification Unit, 8th Fl.
Washington, DC 20530

Fax: (202) 514-8624

V. Klingelhofer /JJO

Victor G. Klingelhofer

# Exhibit 3

**John O'Brien**

---

**From:** John O'Brien
**Sent:** Monday, June 18, 2007 3:52 PM
**To:** 'Stentiford-Ulmer, Joan (CIV)'
**Cc:** Victor Klingelhofer
**Subject:** RE: American Casualty Corp. of Reading Pennsylvania v. The United States No. 06- 354C

Dear Ms. Stentiford:

I never received a response to my letter of May 10 outlining the documents that were missing from your response to our first discovery requests. You also have not responded with respect to dates for depositions. Furthermore, your response to our second set of discovery requests has similarly not been received and is overdue. I assume you are having the same types of difficulties getting responses from your client that you encountered previously. CNA is willing to extend discovery, assuming the Court is also willing to do so. If the Court is unwilling to extend discovery, then I need to the requested documents as soon as possible and we need to complete depositions prior to July 27.

Please let Victor and I know how you would like to proceed regarding this matter.

Thank you.

**John O'Brien**
Cohen Mohr LLP
1055 Thomas Jefferson St. NW
Suite 504
Washington, DC 20007
Telephone: (202) 342-2550
Fax: (202) 342-6147
www.cohenmohr.com

---

[redacted] John O'Brien
**Se**[redacted]rsday, May 10, 2007 5:25 PM
**To:** 'Ste[redacted]lmer, Joan (CIV)'
**Cc:** Victor Ki[redacted]fer
**Subject:** RE: Am[redacted]Casualty Corp. of Reading Pennsylvania v. T[redacted]ited States No. 06- 354C

Dear Ms. Stentiford:

Attached please find a letter rega[redacted]covery a[redacted]tiff's second set of discovery requests. Your attention to this matter is greatly appreciated.
Sincerely,

**John O'Brien**
Cohen Mohr LLP
1055 Thomas Jefferson S[redacted]
Suite 504
Washington, DC [redacted]
Telephone: [redacted]42-2550
Fax: (20[redacted]2-6147

# Exhibit 4

## John O'Brien

**From:** John O'Brien
**Sent:** Monday, June 18, 2007 5:05 PM
**To:** 'Stentiford-Ulmer, Joan (CIV)'
**Cc:** Victor Klingelhofer
**Subject:** RE: American Casualty Corp. of Reading Pennsylvania v. The United States No. 06- 354C
**Attachments:** 4057_001.pdf

Dear Ms. Stentiford:

Thank you for responding to my e-mail, by telephone, so promptly.

I understand from our conversation that you have been told by your client that there are no further responsive documents. I am attaching hereto a copy of a document previously produced by the government ACRP000519. This document relates to building 317 and Bond number 159112225 and it requests that CNA make repairs to the building. My understanding is that those repairs were made.

As I mentioned in our conversation, it is my understanding, supported in part by the attached document, that Bird Contracting had a separate contract that related to building 317 which was, as the document shows, covered by a different bond than the other buildings at issue in this case. It appears that the document attached was misfiled by the government in a file relating to Bond number 929112471. See ACRP000514.

As I mentioned in our conversation. It appears to me that there has to be a contract for this work, on building 317, as well as the typical contract files that are required to be maintained by the government. Furthermore, the government almost certainly has a copy of bond number 159112225, since the government made a claim under that bond and referenced that bond number in its letter.

Neither the bond, nor the contract, nor other documents relating to building 317 have been produced. While I understand your client's representations, it appears that your client may have been focusing on the reprocurement contract and may not have properly looked for documents relating to building 317, which was covered by an entirely distinct contract and entirely distinct bond. I note that our discovery, that was filed on May 10, contained the following interrogatory:

> 8. Identify the individual(s) most knowledgeable about the roof installed on building 317, the problems encountered relating to that roof and the repairs that were made to that roof.

I assume there must be a contracting officer as well as other individuals who were involved in the contract to repair building 317.

I look forward to receiving your formal response to our discovery requests, including the interrogatories, that were served on May 10 and are currently overdue. <u>It would be greatly appreciated if you could provide a date when you believe the formal response will be provided.</u>

This correspondence is not to be construed as a waiver of any rights CNA may have. I want to be absolutely clear that CNA is not waiving any rights regarding discovery and it is not agreeing to any extensions of time to provide discovery, which is already overdue.

Thank you again for your prompt response this afternoon and I sincerely hope that these discovery issues can be worked out without the Court's intervention.

Regards,

**John O'Brien**
Cohen Mohr LLP
1055 Thomas Jefferson St. NW
Suite 504
Washington, DC 20007
Telephone: (202) 342-2550
Fax: (202) 342-6147
www.cohenmohr.com

---

**Fr[illegible]** John O'Brien
**Sent[illegible]**[illegible]nday, June 18, 2007 3:52 PM
**To:** 'Ste[illegible]rd-Ulmer, Joan (CIV)'
**Cc:** Victor [illegible]gelhofer
**Subject:** RE[illegible]erican Casualty Corp. of Reading Pennsylvania v. The United States No. 06- 354[illegible]

Dear Ms. Stentifo[illegible]

I never received a resp[illegible]e to my letter of May 10 outlining the documents that were [illegible]ng from your response to our first discovery requ[illegible]s. You also have not responded with respect to dates f[illegible]epositions. Furthermore, your response to our secon[illegible]t of discovery requests has similarly not been rec[illegible] and is overdue. I assume you are having the same type[illegible]f difficulties getting responses from your client[illegible] you encountered previously. CNA is willing to extend discove[illegible]ssuming the Court is also willing to do s[illegible] the Court is unwilling to extend discovery, then I need to the reque[illegible]d documents as soon as possible a[illegible]e need to complete depositions prior to July 27.

Please let Victor and I know how you wo[illegible]ke to proceed regar[illegible] this matter.

Thank you.

**John O'Brien**
Cohen Mohr LLP
1055 Thomas Jefferson St. NW
Suite 504
Washington, DC 20007
Telephone: (202) 342-2550
Fax: (202) 342-6147
www.cohenmohr.com

---

**From:** John O'Bri[illegible]
**Sent:** Thursda[illegible]ay 10, 2007 5:25 PM
**To:** 'Stentif[illegible]lmer, Joan (CIV)'
**Cc:** Victo[illegible]ngelhofer
**Subje[illegible]** RE: American Casualty Corp. of Reading Pennsylvania v. The United States No. 06[illegible]4C

[illegible] Ms. Stentiford:

# Exhibit 5

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AMERICAN CASUALTY CO. OF READING, PENNSYLVANIA<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES<br><br>Defendant. | CoFC No. 06-354C |

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE that plaintiff American Casualty Co. of Reading, Pennsylvania ("American Casualty"), by counsel, will take the deposition upon oral examination of defendant the United States of America, ("United States"), on Thursday, July 12, 2007, beginning at 10:00 a.m., and continuing from day to day until concluded. The deposition will be conducted at the offices of Cohen Mohr, LLP, Suite 504, 1055 Thomas Jefferson Street, N.W., Washington, D.C. 20007, before a notary public or other officer authorized to administer oaths, and will be recorded stenographically.

Pursuant to Fed. R. Civ. Proc. 30(b)(6), United States is requested to designate one or more persons who consent to testify on its behalf concerning the following matters, and for each designee to set forth the matters as to which the person will testify:

The Government's Document Search

1. All searches, performed by the United States, for documents responsive to plaintiff's document requests in this matter. This individual(s) will need to be able to testify concerning the files that were searched, their locations, and the documents that were reviewed

and when these searches were performed and by whom. Also, this individual(s) will need to address the PST (e-mail) files that were searched and the manner in which this search was conducted (when, where and by whom as well as whose PST files were reviewed) as well as the United States' search through other electronic documents, files and records. This individual(s) will need to address, along with the search for other responsive documents, the search for documents relating to the roof repairs that were conducted on building 317, (for which virtually no documents have been provided). This individual(s) will need to be able to testify concerning the files relating to building 317 that were searched, their locations, the documents that were reviewed and when these searches were performed and by whom. This will include testifying about both electronic and hard copy files that were searched including, but not limited to, the search through PST (e-mail) files, including the identities of the individuals whose PST and electronic files were searched.

2. The government's record creation, record retention and destruction policies and applicable regulations relating to creation, retention and destruction of documents. Specifically, this individual will need to be able to testify regarding whether a contract and other documents for the repair of the roofs on building 317 would have been created, what additional documents relating to the repairs on building 317 would have been created, where they would have been maintained, for how long and when they would have been destroyed.

3. The destruction of any documents responsive to plaintiff's discovery requests, including the destruction of documents relating to building 317.

Substantive Matters

Building 317

4. The contract with Bird Roofing and Waterproofing Company ("Bird") for the repair of the roof of building 317, problems encountered with the roof installed on building 317

by Bird, the requests that the surety repair the roof on behalf of Bird pursuant to bond number 159112225, the procedural and/or other requirements that the Government imposed on the surety to allow it to make repairs, and the repairs that were made to that roof and the costs relating thereto.

5. All communications and correspondence between the government and Bird or between the government and the plaintiff or its representatives regarding the failure of the roofs on building 317, the need for repair work, the warranty claim made by the government or other matters relating to the roofs on building 317.

Alleged Damages

6. All damages claimed by the government in its contracting officer's decision dated May 3, 2005. This includes how each element of the damages was calculated, the basis for the damages, and all documents supporting the damages.

Other Issues

7. All communications and correspondence between the government and Bird or between the government and the plaintiff or its representatives regarding the failure of the roofs at issue in this litigation, the need for repair work and the warranty claim made by the government. This includes any alleged delays in providing information, responses or making repairs.

8. All reasons why the government refused to allow the plaintiff to repair the roof's including, but not limited to, the allegation that the plaintiff "refused to provide information to the Corps about the scope of the proposed repairs despite repeated requests prior to the expiration of the repair contractor's bid." Contracting officer's decision at 2.

9. The independent analysis of the roofs conditions commissioned by DLA including when the study was commissioned, by whom, the purpose for the study, and its

conclusions and any costs relating to the study for which the government is seeking to hold the plaintiff responsible.

10. The type of roof originally installed by Bird, including but not limited to, the method and manner of construction and the cost thereof.

11. The type of roofs that were ultimately installed by the government, including but not limited to, the method and manner of construction, the identity of the contractor, who ultimately provided the repaired roof and the cost thereof.

12. All communications and correspondence between the government and Bird or between the government and the plaintiff or its representatives regarding the failure of the roofs on building 36. This includes any alleged communication wherein the surety was asked to make repairs to the roofs of building 36 (when such request was made, where it was made, by whom it was made, to whom it was made, etc.), and any documents relating thereto.

13. The issues raised in the contracting officer's final decision of May 3, 2005, including but not limited to addressing the documents attached to the contracting officer's final decision.

Respectfully submitted,
Victor Klingelhofer/JJO

Victor G. Klingelhofer
Cohen Mohr, LLP
1055 Thomas Jefferson St., NW, Suite 504
Washington, DC 20007
Tel. (202) 342-2550
Fax (202) 342-6147
Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June, 2007, a copy of the foregoing: "**Notice Of Deposition**" was served by e-mail and facsimile transmission on the 26th of June and by US Mail, on the 27th of June, on the following:

Joan M. Stentiford, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L St., NW
ATTN: Classification Unit, 8th Fl.
Washington, DC 20530

Fax: (202) 514-8624

Victor Klingelhofer /JJO
Victor G. Klingelhofer